UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-89 RLW |
| ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Clint Phillips, III's application to proceed in the district court without prepaying fees and costs. While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's application to proceed in the district court without prepayment of fees and costs and dismiss plaintiff's amended complaint without prejudice.

### The Amended Complaint

Plaintiff is currently incarcerated at the St. Louis County Justice Center. He brings this action pursuant to 42 U.S.C. § 1983, naming as defendants St. Louis County and Corizon Health Inc. ECF No. 1. Plaintiff states he "arrived at the St. Louis County Justice Center on 12-12-2023 when a nurse from Corizon Health Care removed the staples from [his] head and supposedly all of the stitches but as of 01-08-2024 the stitches were deliberately left in [his] neck." *Id.* at 3. Plaintiff asserts the nurse's failure to remove all the stitches qualifies as negligence and deliberate indifference to his medical needs. He also states in a conclusory fashion that an unidentified individual "committed the tort of 'medical malpractice' by leaving [him] without IBS medication, Naproxen, or cortisone cream." *Id.*

For relief, plaintiff seeks $16.8 million in punitive damages for "malice in law" and "reckless disregard for [his] rights," and $800,000 in compensatory damages for "negligence, misrepresentation, and deceit[.]"

**Discussion**

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). For purposes of this section, a dismissal for failure to state a claim also constitutes a strike, whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

A review of this Court's files shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Phillips v. St. Louis City Police Officers*, No. 4:17-cv-1637-HEA (E.D. Mo. Jan. 10, 2018); *Phillips v. Romeo*, No. 4:17-cv-1636-NAB (E.D. Mo.

Aug. 4, 2017); *Phillips v. City of St. Louis*, No. 4:11-cv-791-CEJ (E.D. Mo. May 19, 2011). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff does not allege that he is in imminent danger of serious physical injury. Plaintiff's complaints involve his dissatisfaction regarding the removal of his stiches related to an injury that occurred prior to his incarceration at the St Louis County Justice Center, and the conclusory allegation that he has been denied IBS medication, Naproxen, and cortisone cream. He has thus failed to demonstrate that the exception to the three-strikes provision in §1915(g) is applicable to him. Therefore, the Court will deny plaintiff's application to proceed in the district court without prepaying fees and costs and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **DENIED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

An order of dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of February, 2024.